UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WESCOTT, | No. 2:22–cv–00179–JAM–KJN PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| SUSIE YEE, | |
| Defendant. | |

This case comes before the court on plaintiff's motion to proceed in forma pauperis ("IFP") with a complaint filed January 27, 2022.[1] (ECF Nos. 1-2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). The undersigned declines to rule at this time on the IFP motion, however, because an initial review of this action indicates that this case would more efficiently be adjudicated in another district where related litigation is ongoing. Therefore, the court orders plaintiff to show cause why this action should not be transferred to the U.S. District Court for the Northern District of California, under 28 U.S.C. § 1404(a).

Plaintiff brings this 10-count complaint for breach of contract against a single defendant, Susie Yee, who he alleges was part of a group of 22 individual investors who entered a

---

[1] Because plaintiff is self-represented, this action proceeds before the undersigned magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1 Nicaraguan real estate purchase "Funding Contract" with him in August 2018. (ECF No. 1 ¶¶ 11,
20-24; id. at 46-51 (Ex. D).) Plaintiff's complaint references his original suit filed against all 22
investors in Arizona state court in May 2020 based on this Funding Contract. (Id. ¶ 24.) See
Wescott v. Crowe, et al., No. CV2020-006232 (Az. Super. Ct., Maricopa Cty., complaint filed
May 27, 2020). Both the original complaint and the "Corrected" Complaint filed in the state
court on June 12, 2020, named Ms. Yee as one of the defendants. On July 13, 2020, a subset of
the investor defendants—not including Ms. Yee—removed the case to the federal district court
for the District of Arizona (based on diversity jurisdiction).[2] Wescott v. Crowe, No. CV-20-
01383-PHX-SPL, 2020 WL 5535760, at *1 (D. Ariz. Sept. 15, 2020). The removing defendants
then moved to dismiss the action because the Funding Contract contains a forum selection clause
naming San Francisco, California as the proper venue for any suits arising from it. Id. at *2.

Rather than dismiss the action, the district court for the District of Arizona opted to
enforce the forum selection clause by transferring the action to the Northern District of California.
Id. ("In the interest of justice and upholding the agreed-upon forum selection clause, the Court
finds the Northern District of California is the proper venue."). That litigation is currently
ongoing in the Northern District of California, under its new case number, Wescott v. Crowe, et
al., No. 3:20-cv-06456-JD (N.D. Cal.). The day before plaintiff filed the present action against
Ms. Yee in this court, the Northern District dismissed many claims from plaintiff's Second
Amended Complaint, with leave to further amend—largely on the grounds that only two of the
defendants were named parties to the Funding Contract. (N.D. Cal. No. 3:20-cv-06456-JD, ECF
No. 104.) On March 18, 2022, plaintiff filed a Third Amended Complaint, alleging that the other
defendants were party to the Funding Contract under agency principles. (Id., ECF No. 106.)
Defendants again moved to dismiss, and a hearing on the motion is coming up on April 28, 2022.
(Id., ECF No. 109.)

---

[2] It is unclear why the case was removed by only a subset of the state court defendants. The removal statute requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Only ten of the state court defendants joined or consented to removal, without indicating the status of the others. Nevertheless, plaintiff did not move to remand, and the case went forward in the district court.

Although no motion to dismiss or transfer is before the undersigned in this case (given that defendant Yee is not yet a party to the instant action), the same venue concern observed by the District of Arizona in the original suit also exists in this case. Plaintiff's complaint is factually identical to the Corrected Complaint that was removed to the District of Arizona, except that it names only Ms. Yee instead of all the investors. Plaintiff attaches and asserts the identical August 11, 2018 Funding Contract as the basis of his claims. (Compare ECF No. 1 at 46-51 with N.D. Cal. No. 3:20-cv-06456-JD, ECF No. 1.4 at 16-21.) As noted by the district court for the District of Arizona, the Funding Contract contains the following clause:

> 3. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of San Francisco, California in the United States of America, and thus that shall be the jurisdiction and venue for this contract.

(ECF No. 1 at 49.)

Plaintiff asserts the Funding Contract as the basis for his various claims, all of which relate to Ms. Yee's alleged breach of contract. Plaintiff's attempt to enforce the contract indicates that he does not challenge the validity of its provisions. Plaintiff does not mention the forum selection clause in his complaint, which simply asserts that venue is proper in this district because defendant Yee is a resident of Vallejo, California, which lies in the Eastern District of California. (Id. ¶ 2.) Assuming defendant Yee is "domiciled" in Vallejo, this district is indeed a proper venue. See 28 U.S.C. § 1391(b)(1), (c)(1).

However, even assuming venue is proper in this district, the court may, on its own motion, "transfer this case to another district under 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." Singh v. Cissna, No. 1:18-cv-0782-SKO, 2018 WL 4182602 (E.D. Cal. Aug. 30, 2018); see Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (describing "long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue").

A forum selection clause is properly enforced through Section 1404(a), which codifies the doctrine of *forum non conveniens* for cases in which the transferee forum is a federal court (as

3

opposed to a state court or foreign tribunal).³ Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 60 (2013); see 28 U.S.C. § 1404(a). Typically, a forum selection clause is enforced through a motion to transfer. "However, a court may, under Section 1404(a), sua sponte transfer a case to a contractually chosen federal forum." Powell v. United Rentals (N. Am.), Inc., No. C17-1573JLR, 2019 WL 1489149, at *6 (W.D. Wash. Apr. 3, 2019) (citing Lexington Ins. Co. v. Centex Homes, 795 F. Supp. 2d 1084, 1090 (D. Haw. 2011)); U.S. ex rel. QSR Steel Corp., LLC v. Safeco Ins. Co. of Am., No. 3:14-cv-1017 (VAB), 2015 WL 4393576, at *5 (D. Conn. July 16, 2015) ("While forum selection clauses are typically enforced upon a party's motion, the Court may sua sponte transfer cases to enforce forum selection clauses under section 1404(a).").

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action . . . to any district or division to which all parties have consented." Under this provision, the district court "[o]rdinarily . . . would weigh the relevant [*forum non conveniens*] factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" Atl. Marine, 571 U.S. at 62-63 (quoting § 1404(a)). When parties have agreed to a valid forum selection clause, however, "the calculus changes" because the clause "represents the parties' agreement as to the most proper forum." Id. at 63. "For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause should be given controlling weight in all but the most exceptional cases.'" Id. (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988)).

The undersigned agrees with the Arizona district court's view that the above-quoted clause of the Funding Contract functions as a forum selection clause—and a mandatory forum selection clause, at that. The provision states that San Francisco, California "shall be the

---

³ "The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1224 (9th Cir. 2011) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947)).

1    jurisdiction and venue for this contract" (ECF No. 1 at 49), making the Northern District of
2    California—which encompasses San Francisco—the exclusive forum contemplated by the parties
3    to the contract.  See Tech. Credit Corp. v. N.J. Christian Acad., 307 F. Supp. 3d 993, 1007 (N.D.
4    Cal. 2018) (a mandatory forum selection clause "clearly requires exclusive jurisdiction" (cleaned
5    up)).
6         When a forum selection clause exists, "[t]he plaintiff's subsequent choice of forum merits
7    no weight." Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1087 (9th Cir. 2018)
8    (citing Atl. Marine, 571 U.S. at 63-64).  All factors relating to the private interests of the parties
9    must be deemed "as weighing 'entirely in favor of the preselected forum,'" in this case the
10   Northern District of California.  Id. at 1087-88 (quoting Atl. Marine, 571 U.S. at 64).  Although
11   factors relating to the public interest (such as administrative difficulties from court congestion,
12   judicial efficiency, and any local interest in having localized controversies decided at home) may
13   be considered, those factors will "rarely" outweigh the interest in transfer.  Id. at 1088.  This is
14   because "[i]n all but the most unusual cases, . . . the interest of justice is served by holding parties
15   to their bargain." Atl. Marine, 571 U.S. at 66.  "[T]he practical result is that forum-selection
16   clauses should control except in unusual cases." Id. at 64.
17        The enforceability of forum selection clauses is governed by federal law.  Petersen v.
18   Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013).  Under governing federal law, a forum selection
19   clause is controlling unless the plaintiff makes a "strong showing that: (1) the clause is invalid
20   due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the
21   forum in which suit is brought, . . .' or (3) 'trial in the contractual forum will be so gravely
22   difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in
23   court.'" Yei A. Sun, 901 F.3d at 1088 (quoting M/S Bremen v. Zapata Off-Shore Co., 407
24   U.S. 1, 15, 18 (1972)); see Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) ("A forum
25   selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a
26   'heavy burden' to establish a ground upon which we will conclude the clause is unenforceable."
27   (quoting M/S Bremen, 407 U.S. at 17)).
28   ///

Plaintiff is invited to address these three exceptions in response to this order to show cause, if he wishes to avoid transfer. The court currently sees no indication of fraud in the inducement of the Funding Contract. As to the second exception, the court sees no local interest in the Eastern District of California retaining jurisdiction over this contract which involves the funding of a contract to purchase land in Nicaragua. Finally, the third exception appears difficult to satisfy given that plaintiff is currently actively litigating the same claims against several similarly situated investor defendants in the Northern District of California.[4]

The court notes that defendant Yee, like all but two of the other investors, is not a named party to the Funding Contract. The contract, by its terms, is between plaintiff and one David Crowe and Mike Lyonette (both of whom are among the defendants in the Northern District litigation). (ECF No. 1 at 46-51.) Still, plaintiff alleges—and the contract could conceivably support the theory—that Crowe entered the contract on behalf of all 22 investors, including Ms. Yee. (Id. ¶¶ 28-31.) This allegation is sufficient for purposes of enforcing the forum selection clause that defendant Yee is alleged to have agreed to through Mr. Crowe. However, even if defendant Yee is not a party to the Funding Contract, herself, the Ninth Circuit holds that "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." Manetti–Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1988) (emphasis added). A court may enforce a forum selection clause against someone who was not a party to the contract where "the alleged conduct of the non-parties is . . . closely related to the contractual relationship." Id.; Meras Eng'g, Inc. v. CH2O, Inc., No. C-11-0389 EMC, 2013 WL 146341, at *10 (N.D. Cal. Jan. 14, 2013) (enforcing forum selection clause against non-party to contract). All of plaintiff's claims against defendant Yee depend upon her being bound by the Funding Contract. This makes it proper to enforce the forum selection clause whether or not defendant Yee is a party to the contract.

---

[4] The court acknowledges that defendant Yee has not yet appeared in this action. However, the court cannot see how the transfer of this action to the San Francisco division of the Northern District of California would inconvenience Ms. Yee, who lives in Vallejo. Although Vallejo lies within the Eastern District of California, it is geographically closer to San Francisco than to Sacramento.

In addition, although the complaint contains tort claims alongside the breach of contract claims, transfer appears warranted for all claims because each cause of action has some logical or causal connection to plaintiff's alleged Funding Contract with defendant Yee. See Yei, 901 F.3d at 1086 ("[F]orum-selection clauses covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement." (citation omitted)); Petersen, 715 F.3d at 283 n.7 (when resolution of non-contract claims relates to interpretation of the contract, a contractual forum selection clause may also apply to related non-contract claims).

Finally, the court notes that one of the *forum non conveniens* public interest factors weighs particularly heavily in favor of transfer to the Northern District of California: the consideration of judicial efficiency. It would require unnecessary duplication of judicial effort to maintain this parallel action against one defendant who, as far as the court can tell, is identically situated to the other non-signatory defendants in the current litigation over the same Funding Contract in another district court. Transferring this action to the Northern District of California would allow that court to recognize the relatedness of the actions, and even potentially consolidate the cases if warranted. See Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1272 (9th Cir. 2021) (noting that courts can consolidate multiple actions brought in the same district, and if claims are brought in different districts, a defendant could seek transfer under § 1404(a)).

Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be transferred to the San Francisco Division of the U.S. District Court for the Northern District of California. **Within fourteen (14) days of the date of entry of this order, plaintiff shall file a response.** In the response, plaintiff should indicate whether he opposes such transfer, and if so, explain to the court why the case should remain here, in the Eastern District of California.

Dated: April 12, 2022

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wesc.0179