UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WESCOTT, | No. 2:22–cv–00179–JAM–KJN PS |
| Plaintiff, | |
| v. | ORDER TO TRANSFER CASE |
| SUSIE YEE, | |
| Defendant. | |

    This case comes before the court on plaintiff's motion to proceed in forma pauperis ("IFP") with a complaint filed January 27, 2022.[1] (ECF Nos. 1-2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). The undersigned declines to rule at this time on the IFP motion, however, because an initial review of this action indicates that this case would more efficiently be adjudicated in the Northern District of California where related litigation is ongoing.

    On April 12, 2022, the undersigned ordered plaintiff to show cause within 14 days why this action should not be transferred to that court under 28 U.S.C. § 1404(a). (ECF No. 3.) That deadline passed without a response from plaintiff. Accordingly, the court now orders this action

---

[1] Because plaintiff is self-represented, this action proceeds before the undersigned magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

transferred to the San Francisco Division of the U.S. District Court for the Northern District of California.[2]

Plaintiff brings this 10-count complaint for breach of contract against a single defendant, Susie Yee, who he alleges was part of a group of 22 individual investors who entered a Nicaraguan real estate purchase "Funding Contract" with him in August 2018. (ECF No. 1 ¶¶ 11, 20-24; id. at 46-51 (Ex. D).) Plaintiff's complaint references his original suit filed against all 22 investors in Arizona state court in May 2020 based on this Funding Contract. (Id. ¶ 24.) See Wescott v. Crowe, et al., No. CV2020-006232 (Az. Super. Ct., Maricopa Cty., complaint filed May 27, 2020). Both the original complaint and the "Corrected" Complaint filed in the state court on June 12, 2020, named Ms. Yee as one of the defendants. On July 13, 2020, a subset of the investor defendants—not including Ms. Yee—removed the case to the federal district court for the District of Arizona (based on diversity jurisdiction).[3] Wescott v. Crowe, No. CV-20-01383-PHX-SPL, 2020 WL 5535760, at *1 (D. Ariz. Sept. 15, 2020). The removing defendants then moved to dismiss the action because the Funding Contract contains a forum selection clause naming San Francisco, California as the proper venue for any suits arising from it. Id. at *2.

Rather than dismiss the action, the district court for the District of Arizona opted to enforce the forum selection clause by transferring the action to the Northern District of California. Id. ("In the interest of justice and upholding the agreed-upon forum selection clause, the Court finds the Northern District of California is the proper venue."). That litigation is currently ongoing in the Northern District of California, under its new case number, Wescott v. Crowe, et

---

[2] Because this order does not affect the viability of any claim or defense in this action, it is a nondispositive order within the undersigned's authority to issue, even without consent to magistrate judge jurisdiction. See 28 U.S.C. § 636(b)(1)(A); In re U.S. Dep't of Educ., 25 F.4th 692, 699 (9th Cir. 2022) (order that "merely transfer[s] the action to another federal court and [does] not affect the viability of a claim or defense" is nondispositive order within magistrate judge's jurisdiction).

[3] It is unclear why the case was removed by only a subset of the state court defendants. The removal statute requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Only ten of the state court defendants joined or consented to removal, without indicating the status of the others. Nevertheless, plaintiff did not move to remand, and the case went forward in the district court.

al., No. 3:20-cv-06456-JD (N.D. Cal.). The day before plaintiff filed the present action against Ms. Yee in this court, the Northern District dismissed many claims from plaintiff's Second Amended Complaint, with leave to further amend—largely on the grounds that only two of the defendants were named parties to the Funding Contract. (N.D. Cal. No. 3:20-cv-06456-JD, ECF No. 104.) On March 18, 2022, plaintiff filed a Third Amended Complaint, alleging that the other defendants were party to the Funding Contract under agency principles. (Id., ECF No. 106.) Defendants again moved to dismiss, and that motion is currently under submission. (Id., ECF Nos. 109, 119.)

Although no motion to dismiss or transfer is before the undersigned in this case (given that defendant Yee is not yet a party to the instant action), the same venue concern observed by the District of Arizona in the original suit also exists in this case. Plaintiff's complaint is factually identical to the Corrected Complaint that was removed to the District of Arizona, except that it names only Ms. Yee instead of all the investors. Plaintiff attaches and asserts the identical August 11, 2018, Funding Contract as the basis of his claims. (Compare ECF No. 1 at 46-51 with N.D. Cal. No. 3:20-cv-06456-JD, ECF No. 1.4 at 16-21.) As noted by the district court for the District of Arizona, the Funding Contract contains the following clause:

> 3. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of San Francisco, California in the United States of America, and thus that shall be the jurisdiction and venue for this contract.

(ECF No. 1 at 49.)

Plaintiff asserts the Funding Contract as the basis for his various claims, all of which relate to Ms. Yee's alleged breach of contract. Plaintiff's attempt to enforce the contract indicates that he does not challenge the validity of its provisions. Plaintiff does not mention the forum selection clause in his complaint, which simply asserts that venue is proper in this district because defendant Yee is a resident of Vallejo, California, which lies in the Eastern District of California. (Id. ¶ 2.) Assuming defendant Yee is "domiciled" in Vallejo, this district is indeed a proper venue. See 28 U.S.C. § 1391(b)(1), (c)(1).

///

3

1   However, even assuming venue is proper in this district, the court may, on its own motion,
2   "transfer this case to another district under 28 U.S.C. § 1404(a), so long as the parties are first
3   given the opportunity to present their views on the issue." Singh v. Cissna, No. 1:18-cv-0782-
4   SKO, 2018 WL 4182602 (E.D. Cal. Aug. 30, 2018); see Costlow v. Weeks, 790 F.2d 1486, 1488
5   (9th Cir. 1986) (describing "long-approved practice of permitting a court to transfer a case sua
6   sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as
7   the parties are first given the opportunity to present their views on the issue").

8   A forum selection clause is properly enforced through Section 1404(a), which codifies the
9   doctrine of *forum non conveniens* for cases in which the transferee forum is a federal court (as
10  opposed to a state court or foreign tribunal).[4] Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W.
11  Dist. of Tex., 571 U.S. 49, 60 (2013); see 28 U.S.C. § 1404(a). Typically, a forum selection
12  clause is enforced through a motion to transfer. "However, a court may, under Section 1404(a),
13  sua sponte transfer a case to a contractually chosen federal forum." Powell v. United Rentals (N.
14  Am.), Inc., No. C17-1573JLR, 2019 WL 1489149, at *6 (W.D. Wash. Apr. 3, 2019) (citing
15  Lexington Ins. Co. v. Centex Homes, 795 F. Supp. 2d 1084, 1090 (D. Haw. 2011)); U.S. ex rel.
16  QSR Steel Corp., LLC v. Safeco Ins. Co. of Am., No. 3:14-cv-1017 (VAB), 2015 WL 4393576,
17  at *5 (D. Conn. July 16, 2015) ("While forum selection clauses are typically enforced upon a
18  party's motion, the Court may sua sponte transfer cases to enforce forum selection clauses under
19  section 1404(a).").

20  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the
21  interest of justice, a district court may transfer any civil action . . . to any district or division to
22  which all parties have consented." Under this provision, the district court "[o]rdinarily . . . would
23  weigh the relevant [*forum non conveniens*] factors and decide whether, on balance, a transfer
24  would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of

---

[4] "The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1224 (9th Cir. 2011) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947)).

1    justice.'" Atl. Marine, 571 U.S. at 62-63 (quoting § 1404(a)).  When parties agreed to a valid

2    forum selection clause, however, "the calculus changes" because the clause "represents the

3    parties' agreement as to the most proper forum."  Id. at 63.  "For that reason, and because the

4    overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of

5    justice,' 'a valid forum-selection clause should be given controlling weight in all but the most

6    exceptional cases.'"  Id. (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988)).

7         The undersigned agrees with the Arizona district court's view that the above-quoted

8    clause of the Funding Contract functions as a forum selection clause—and a mandatory forum

9    selection clause, at that.  The provision states that San Francisco, California "shall be the

10   jurisdiction and venue for this contract" (ECF No. 1 at 49), making the Northern District of

11   California—which encompasses San Francisco—the exclusive forum contemplated by the parties

12   to the contract.  See Tech. Credit Corp. v. N.J. Christian Acad., 307 F. Supp. 3d 993, 1007 (N.D.

13   Cal. 2018) (a mandatory forum selection clause "clearly requires exclusive jurisdiction" (cleaned

14   up)).

15        When a forum selection clause exists, "[t]he plaintiff's subsequent choice of forum merits

16   no weight."  Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1087 (9th Cir. 2018)

17   (citing Atl. Marine, 571 U.S. at 63-64).  All factors relating to the private interests of the parties

18   must be deemed "as weighing 'entirely in favor of the preselected forum,'" in this case the

19   Northern District of California.  Id. at 1087-88 (quoting Atl. Marine, 571 U.S. at 64).  Although

20   factors relating to the public interest (such as administrative difficulties from court congestion,

21   judicial efficiency, and any local interest in having localized controversies decided at home) may

22   be considered, those factors will "rarely" outweigh the interest in transfer.  Id. at 1088.  This is

23   because "[i]n all but the most unusual cases, . . . the interest of justice is served by holding parties

24   to their bargain."  Atl. Marine, 571 U.S. at 66.  "[T]he practical result is that forum-selection

25   clauses should control except in unusual cases."  Id. at 64.

26        The enforceability of forum selection clauses is governed by federal law.  Petersen v.

27   Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013).  Under governing federal law, a forum selection

28   clause is controlling unless the plaintiff makes a "strong showing that:  (1) the clause is invalid

due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, . . .' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court.'" Yei A. Sun, 901 F.3d at 1088 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 18 (1972)); see Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) ("A forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which we will conclude the clause is unenforceable." (quoting M/S Bremen, 407 U.S. at 17)).

Plaintiff was invited to address these three exceptions in response to the show cause order; however, plaintiff failed to file a response. Regarding the first exception, plaintiff's complaint gives no indication of fraud in the inducement of the Funding Contract. As to the second exception, the court sees no local interest in the Eastern District of California retaining jurisdiction over this contract which involves the funding of a contract to purchase land in Nicaragua. Finally, the third exception appears unsatisfied given that plaintiff is currently actively litigating the same claims against several similarly situated investor defendants in the Northern District of California.[5]

The court notes that Ms. Yee, like all but two of the other investors, is not a named party to the Funding Contract. The contract, by its terms, is between plaintiff and one David Crowe and Mike Lyonette (both of whom are among the defendants in the Northern District litigation). (ECF No. 1 at 46-51.) Still, plaintiff alleges—and the contract could conceivably support the theory—that Crowe entered the contract on behalf of all 22 investors, including Ms. Yee. (Id. ¶¶ 28-31.) This allegation is sufficient for purposes of enforcing the forum selection clause that Ms. Yee is alleged to have agreed to through Mr. Crowe. However, even if Ms. Yee is not a party to the Funding Contract, herself, the Ninth Circuit holds that "a range of transaction participants,

---

[5] The court acknowledges that defendant Yee has not yet appeared in this action. However, the court cannot see how the transfer of this action to the San Francisco division of the Northern District of California would inconvenience Ms. Yee, who lives in Vallejo. Although Vallejo lies within the Eastern District of California, it is geographically closer to San Francisco than to Sacramento.

1  parties and non-parties, should benefit from and be subject to forum selection clauses." Manetti–
2  Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1988) (emphasis added).  A court
3  may enforce a forum selection clause against someone who was not a party to the contract where
4  "the alleged conduct of the non-parties is . . . closely related to the contractual relationship."  Id.;
5  Meras Eng'g, Inc. v. CH2O, Inc., No. C-11-0389 EMC, 2013 WL 146341, at *10 (N.D. Cal.
6  Jan. 14, 2013) (enforcing forum selection clause against non-party to contract).  All of plaintiff's
7  claims against Ms. Yee depend upon her being bound by the Funding Contract.  This makes it
8  proper to enforce the forum selection clause whether or not Ms. Yee is a party to the contract.

9        In addition, although the complaint contains tort claims alongside the breach of contract
10  claims, transfer is warranted for all claims because each cause of action has some logical or
11  causal connection to plaintiff's alleged Funding Contract with Ms. Yee.  See Yei, 901 F.3d at
12  1086 ("[F]orum-selection clauses covering disputes 'relating to' a particular agreement apply to
13  any disputes that reference the agreement or have some 'logical or causal connection' to the
14  agreement." (citation omitted)); Petersen, 715 F.3d at 283 n.7 (when resolution of non-contract
15  claims relates to interpretation of the contract, a contractual forum selection clause may also
16  apply to related non-contract claims).

17        Finally, the court notes that one of the *forum non conveniens* public interest factors weighs
18  particularly heavily in favor of transfer to the Northern District of California:  the consideration of
19  judicial efficiency.  It would require unnecessary duplication of judicial effort to maintain this
20  parallel action against one defendant who, as far as the court can tell, is identically situated to the
21  other non-signatory defendants in the current litigation over the same Funding Contract in another
22  district court.  Transferring this action to the Northern District of California would allow that
23  court to recognize the relatedness of the actions, and even potentially consolidate the cases if
24  warranted.  See Desire, LLC v. Manna Textiles, Inc., 986 F.3d 1253, 1272 (9th Cir. 2021) (noting
25  that courts can consolidate multiple actions brought in the same district, and if claims are brought
26  in different districts, a defendant could seek transfer under § 1404(a)).
27  ///
28  ///

Accordingly, IT IS HEREBY ORDERED that:

1. This action is TRANSFERRED to the San Francisco Division of the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a), based on the governing forum selection clause and the action's relation to <u>Wescott v. Crowe, et al.</u>, No. 3:20-cv-06456-JD (N.D. Cal.);

2. Plaintiff is instructed to direct any filings or inquiries related to this case to the U.S. District Court for the Northern District of California.  *Further filings in the Eastern District of California related to this case will be disregarded*; and

3. The Clerk of Court is directed to CLOSE this case, upon effecting the transfer.

Dated:  May 2, 2022

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wesc.0179